Filed 1/31/25  P. v. Lopez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ORLANDO JOSEPH LOPEZ, JR.,<br><br>      Defendant and Appellant. | A166557<br><br>(Lake County<br>Super. Ct. No. CR927102) |

Defendant and appellant Orlando Joseph Lopez, Jr. (appellant), appeals following the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.6.[1]  Among other things, he contends the trial court erred in denying his petition for resentencing without first appointing counsel.  Respondent agrees the court prejudicially erred, and we reverse.

BACKGROUND

In June 2012, appellant was convicted by a jury of first degree murder (§ 187, subd. (a)); six counts of assault with a firearm (§ 245, subd. (a)(2)); five counts of attempted murder (§§ 187, subd. (a), 664); two counts of mayhem

_____

[1] All undesignated statutory references are to the Penal Code.
Appellant filed his petition under section 1170.95, which was subsequently renumbered section 1172.6.  (Stats. 2022, ch. 58, § 10.)

1

(§ 203); and discharging a firearm at an inhabited dwelling (§ 246). The jury also found true firearm and great bodily injury allegations.

In February 2016, this court reversed appellant's first degree murder conviction and remanded the case for the prosecution "to retry that charge or to accept a reduction of the conviction to second degree murder." (*People v. Lopez* (Feb. 17, 2016, A136253) [nonpub. opn.].) This court also ordered the sentences for mayhem stayed pursuant to section 654. (*Ibid.*) In December, the trial court resentenced appellant to an indeterminate term of 225 years to life consecutive to a determinate term of 22 years.

On August 26, 2022, appellant petitioned for resentencing under former section 1170.95, and requested appointment of counsel. On August 31, the trial court denied the petition. The present appeal followed.

DISCUSSION

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) "In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill [No.] 1437 added [former] section 1170.95 [now section 1172.6], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 959.)

To obtain relief under section 1172.6, a petitioner must file a petition in the sentencing court averring that: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to

2

proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[;] [¶] [and] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subds. (a)(1)–(a)(3), (b)(1)(A); see also *Lewis*, *supra*, 11 Cal.5th at pp. 959–960.) In addition, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1)(C); *Lewis*, at p. 960.) "If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' " (*Lewis*, at p. 960.)

"Where the petition complies with section [1172.6,] subdivision (b)'s . . . requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief." (*Lewis*, *supra*, 11 Cal.5th at p. 960.) Also, as critical in the present appeal, "[u]pon receiving a petition in which the information required by this subdivision is set forth . . . , if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (§ 1172.6, subd. (b)(3); see *Lewis*, *supra*, 11 Cal.5th at p. 963 ["petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition"].)

If, after the receipt of briefing and a hearing, the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause and must hold a hearing "to determine whether to vacate

the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1172.6, subd. (d)(1).)

In the present case, respondent concedes that appellant "filed a resentencing petition that complied with the requirements of section 1172.6, subdivision (b)(1)." Respondent further concedes the trial court was then obligated under section 1172.6, subdivision (c) to appoint counsel, but instead the court summarily denied appellant's petition. The trial court's order characterized the evidence at trial and asserted that appellant was not convicted under a now-prohibited theory of murder, but the court did not acknowledge its statutory obligation to appoint counsel before resolving appellant's petition at the prima facie stage.

Because section 1172.6 "does not establish an internal, threshold barrier to the appointment of counsel and the opportunity for briefing" (*Lewis*, *supra*, 11 Cal.5th at p. 967), the trial court erred in summarily denying appellant's petition. Appellant is required to show prejudice to obtain reversal of the court's order (*Lewis*, at pp. 973–974), but respondent concedes " ' "it is reasonably probable that if [he] had been afforded assistance of counsel his . . . petition would not have been summarily denied without an evidentiary hearing." ' " (*Id.* at p. 974.) Among other things, respondent agrees that the jurors in appellant's trial were instructed that the natural and probable consequences theory applied to the charged murder and attempted murders and that this court previously observed that the "risk that [appellant was] convicted of first degree murder under the natural and probable consequences doctrine was magnified in the present case because

4

the prosecutor told [the] jury that the defendant before it could be convicted of murder even if his intent was only to 'assault somebody with a firearm.' " (*People v. Lopez, supra*, A136253.)

Because the trial court erred and appellant showed prejudice, we reverse the trial court's order denying appellant's petition.

## DISPOSITION

The trial court's order is reversed and the matter is remanded with directions that the court appoint counsel for appellant and proceed in accordance with section 1172.6 to determine whether appellant has made a prima facie showing for relief.

SIMONS, Acting P. J.

We concur.

BURNS, J.
CHOU, J.

(A166557)

5